## IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **REGINA BEY-WRIGHT,** | § | |
| **Plaintiff,** | § | |
| **v.** | § | **CASE NO. 1:07cv1056-TFM** |
| **ARMY FLEET SUPPORT, LLC,** | § | |
| **Defendant.** | § | |

### ANSWER OF DEFENDANT ARMY FLEET SUPPORT, LLC.

Defendant Army Fleet Support, LLC ("AFS"), by and through its counsel of record, answers the Complaint of Plaintiff Regina Bey-Wright ("Plaintiff") as follows:

### First Defense

The Complaint, or one or more counts therein, fails to state a claim against AFS upon which relief can be granted.

### Second Defense

Responding to the corresponding paragraph numbers of the Complaint, AFS answers as follows:

## I.  Introduction

1.      The allegations of Paragraph 1 of the Complaint assert legal conclusions which require no response from AFS; however, to the extent that a response is required, AFS denies that it has deprived Plaintiff of any rights guaranteed by the Constitutions and laws of the United States or the State of Alabama.

2.      The allegations of Paragraph 2 of the Complaint assert legal conclusions which require no response from AFS; however, to the extent that a response is required, AFS denies that it has violated any of the statutes cited therein.

3.      AFS admits that Plaintiff seeks to invoke the jurisdiction of this Court, but denies any violation of any statute referenced in Paragraph 3 of the Complaint.


## II.  Jurisdiction and Venue

4.      AFS admits that Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission on or about November 8, 2006, and an amendment to that Charge on or about February 12, 2007.  AFS admits that the EEOC issued a Notice of Right to Sue on or about September 4, 2007.  AFS is without knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 4 of the Complaint.

5.      Admitted.

6.      AFS denies that Plaintiff's Claims Four-Six are so related to her claims One-Three as to form a part of the same case or controversy under Article III of the

United States Constitution. Therefore, AFS denies that it is appropriate for this Court to exercise supplemental jurisdiction over Counts Four-Six of Plaintiff's Complaint.

### III. The Parties

7.      AFS admits that Plaintiff is an African-American, female. It is informed and, on the basis of such information believes, that she is a citizen of the United States and a resident of the State of Alabama. AFS denies the remaining allegations of Paragraph 7 of the Complaint.

8.      AFS admits that it has a contract with the U. S. Army Aviation & Missile Command ("AMCOM") to provide maintenance and logistical services at Fort Rucker, Alabama. AFS admits that it is a joint venture in which L-3 Communications Vertex Aerospace, LLC and L-3 Communications Integrated Systems, LP are members. AFS denies the remaining allegations of Paragraph 8 of the Complaint.

9.      AFS admits that it is an "employer" within the meaning of Title VII. AFS denies the remaining allegations of Paragraph 9 of the Complaint.

### IV. Factual Background

10.      AFS is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 10 of the Complaint.

11.      AFS is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 11 of the Complaint.

12.     AFS is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 12 of the Complaint.

13.     AFS is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 13 of the Complaint.

14.     AFS is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 14 of the Complaint.

15.     AFS is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 15 of the Complaint.

16.     AFS is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 16 of the Complaint.

17.     AFS is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 17 of the Complaint.

18.     AFS is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 18 of the Complaint.

19.     AFS is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 19 of the Complaint.

20.     AFS admits that Mark Couch was formerly employed by DynCorp and, on information and belief, that the remaining allegations in Paragraph 20 are true.

21.     AFS is informed and, on the basis of such information, believes that Mark Couch was Assistant Manager of Labor Relations, then Manager of Labor Relations at DynCorp.

22. AFS admits that, effective December 1, 2003, it became the Maintenance and Logistics Contractor at Fort Rucker in accordance with its contract with AMCOM.

23. Admitted.

24. Denied.

25. Admitted that Plaintiff was not reclassified. The remaining allegations of Paragraph 25 are denied.

26. AFS is currently without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 26 of the Complaint.

27. Admitted.

28. Denied.

29. Admitted that Plaintiff was not reclassified. The remaining allegations of Paragraph 29 are denied.

30. AFS is currently without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 30 of the Complaint.

31. AFS is without knowledge or information sufficient to form a belief as to the allegations of Paragraph 31 of the Complaint.

32. Admitted.

33. Admitted.

34. Admitted.

35. Admitted that George Hickman, Environmental Health and Safety Officer, entered the supply room where Plaintiff worked, in accordance with his duties, to inspect

the supply room.  AFS is without knowledge or information sufficient to form a belief as

to the truth of the remaining averments of Paragraph 35 of the Complaint.

36.    AFS is without knowledge or information sufficient to form a belief as to

the truth of the averments of Paragraph 36 of the Complaint.

37.    AFS is without knowledge or information sufficient to form a belief as to

the truth of the averments of Paragraph 37 of the Complaint.

38.    AFS is without knowledge or information sufficient to form a belief as to

the truth of the averments of Paragraph 38 of the Complaint.

39.    AFS is without knowledge or information sufficient to form a belief as to

the truth of the averments of Paragraph 39 of the Complaint.

40.    AFS is without knowledge or information sufficient to form a belief as to

the truth of the averments of Paragraph 40 of the Complaint.

41.    AFS is without knowledge or information sufficient to form a belief as to

the truth of the averments of Paragraph 41 of the Complaint.

42.    AFS is without knowledge or information sufficient to form a belief as to

the truth of the averments of Paragraph 42 of the Complaint.

43.    AFS is without knowledge or information sufficient to form a belief as to

the truth of the averments of Paragraph 43 of the Complaint.

44.    AFS is without knowledge or information sufficient to form a belief as to

the truth of the averments of Paragraph 44 of the Complaint.

45.    AFS is without knowledge or information sufficient to form a belief as to

the truth of the averments of Paragraph 45 of the Complaint.

46.     AFS is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 46 of the Complaint.

47.     AFS is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 47 of the Complaint.

48.     AFS is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 48 of the Complaint.

49.     AFS is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 49 of the Complaint.

50.     AFS is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 50 of the Complaint.

51.     AFS is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 51 of the Complaint.

52.     Denied.

53.     AFS is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 53 of the Complaint.

54.     AFS is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 54 of the Complaint.

55.     Admitted.

56.     Admitted.

57.     Admitted.

58.     AFS admits that it investigated Plaintiff's claim.  AFS also concluded that Mr. Hickman had not sexually harassed Plaintiff, as she alleged.  AFS denies the remaining allegations of Paragraph 58 of the Complaint.

59.     Denied.

60.     Denied.

61.     Admitted.

62.     AFS admits that Plaintiff filed a Charge of Discrimination with the EEOC in September 2005, but denies the remaining allegations of Paragraph 62 of the Complaint.

63.     Denied.

64.     AFS admits that, in February 2006, Plaintiff filed a lawsuit against AFS, Messrs. Hickman and Morrill, Ms. McGarvey, and others, and that said lawsuit was subsequently dismissed by Plaintiff.  AFS denies the remaining allegations of Paragraph 64 of the Complaint.

65.     Denied.

66.     Denied.

67.     AFS admits that Plaintiff was issued a five-day Letter of Suspension for violation of Work Rule 25 after her failure to follow proper tool control procedures contributed to the emergency grounding of five aircraft which were already airborne.

68.     Denied.

69.     Without additional information, AFS is without knowledge sufficient to form a belief as to the truth of the averments in Paragraph 69 of the Complaint.

70.    Without additional information, AFS is without knowledge sufficient to form a belief as to the truth of the averments in Paragraph 70 of the Complaint.

71.    Without additional information, AFS is without knowledge sufficient to form a belief as to the truth of the averments in Paragraph 71 of the Complaint.

72.    Without additional information, AFS is without knowledge sufficient to form a belief as to the truth of the averments in Paragraph 72 of the Complaint.

73.    Admitted.

74.    AFS admits that, on November 17, 2006, Plaintiff was issued a Letter of Reprimand for violation of Work Rule 24 for interference with a U.S. Air Force Audit of the program that occurred three hours after the end of her shift.  AFS denies the remaining allegations of Paragraph 74 of the Complaint.

75.    Denied.

76.    AFS is without information sufficient to form a belief as to the truth of the averments in Paragraph 76 of the Complaint.

77.    AFS admits that Plaintiff was given additional training in December 2006.

78.    Denied, as stated.

79.    Denied, as stated.

80.    Denied.

81.    Admitted.

82.    Admitted.

83.    Denied.

84.    Denied.

85.    Denied.

86.    Denied.

## V. Statement of Claims

### Claim One

87.    AFS adopts its responses to Paragraphs 1-86 as if fully set forth herein.

88.    AFS admits that Plaintiff is subject to the protections of 42 U.S.C. § 2000e

*et seq.,* but denies the remaining allegations of Paragraph 88 of the Complaint.

89.    Denied.

90.    Denied.

91.    Denied.

### Claim Two

92.    AFS adopts its responses to Paragraphs 1-91 as if fully set forth herein.

93.    Denied.

94.    Denied.

### Claim Three

95.    AFS adopts its responses to Paragraphs 1-94 as if fully set forth herein.

96.    AFS admits that Plaintiff is subject to the protections of 42 U.S.C. § 1981 *et*

*seq.,* but denies the remaining allegations of Paragraph 96 of the Complaint.

97.    Denied.

98.    Denied.

## Claim Four

99.    AFS adopts its responses to Paragraphs 1-98 as if fully set forth herein.

100.    AFS admits that Claim Four is one asserted under the laws of the State of Alabama, but denies that it committed the tort alleged in Paragraph 100 of the Complaint.

101.    Admitted.

102.    Denied.

## Claim Five

103.    AFS adopts its responses to Paragraphs 1-102 as if fully set forth herein.

104.    AFS admits that Claim Four is one asserted under the laws of the State of Alabama, but denies that it committed the tort alleged in Paragraph 104 of the Complaint.

105.    Denied.

## Claim Six

106.    AFS adopts its responses to Paragraphs 1-105 as if fully set forth herein.

107.    AFS admits that Claim Four is one asserted under the laws of the State of Alabama, but denies that it committed the tort alleged in Paragraph 107 of the Complaint.

108.    Denied.

109.    Denied.

AFS denies all allegations of the Complaint and each Claim therein that were not specifically admitted in its Second Defense.

AFS denies that Plaintiff is entitled to the relief requested in the Prayer for Relief or to any relief whatsoever.

## THIRD DEFENSE

Claims Four-Six of the Complaint fail to state a claim against AFS upon which relief can be granted, because of the vagueness and ambiguity of the allegations therein.

## FOURTH DEFENSE

Some of Plaintiff's claims are due to be dismissed as they are outside the scope of the underlying Charge of Discrimination filed with the Equal Employment Opportunity Commission.

## FIFTH DEFENSE

Some or all of Plaintiff's claims alleged in the Complaint are barred by the applicable statute or statutes of limitations.

## SIXTH DEFENSE

Plaintiff has failed to satisfy the administrative prerequisites, jurisdictional or otherwise, to maintaining some or all of the claims alleged in the Complaint.

## SEVENTH DEFENSE

As to Claim Six, AFS alleges that Plaintiff was guilty of negligence which contributed to the alleged cause of her injury.  Hence, Plaintiff is barred from recovery under the laws of Alabama.

## EIGHTH DEFENSE

AFS acted at all times in good faith and without discriminatory intent.

## NINTH DEFENSE

All of the decisions or actions challenged as discriminatory or retaliatory in the Complaint were undertaken for legitimate, non-discriminatory, non-retaliatory, and non-pretextual reasons.

## TENTH DEFENSE

Defendant's decisions and actions with respect to Plaintiff were taken in good faith.

## ELEVENTH DEFENSE

AFS has a policy that prohibits discrimination, which it uniformly enforces.  AFS exercised reasonable care to prevent and promptly correct any alleged discrimination, and

Plaintiff unreasonably failed to avail herself of preventive and corrective opportunities provided by AFS or to otherwise avoid harm.

## TWELFTH DEFENSE

As a matter of law, AFS is not liable to Plaintiff for any allegedly discriminatory acts that occurred during her employment by another employer.

## THIRTEENTH DEFENSE

AFS relied on legitimate, non-discriminatory and non-retaliatory factors in its employment decisions concerning Plaintiff.

## FOURTEENTH DEFENSE

Plaintiff's claims are barred because AFS exercised reasonable care and diligence to prevent discriminatory, retaliatory and harassing behavior, as well as investigating and taking prompt and appropriate remedial action upon notice of any allegedly discriminatory, retaliatory or harassing behavior.

## FIFTEENTH DEFENSE

AFS affirmatively asserts that its reasons for its employment actions concerning Plaintiff were not a pretext for discrimination or retaliation.

## SIXTEENTH DEFENSE

Defendant denies that it or any of its agents or employees took any discriminatory or retaliatory action against Plaintiff.

## SEVENTEENTH DEFENSE

AFS denies that malice or reckless indifference motivated any of its decisions or actions regarding Plaintiff during the course of her employment with AFS.

## EIGHTEENTH DEFENSE

AFS affirmatively asserts that adequate workplace policies and procedures existed with respect to equal employment opportunity in the workplace and with respect to workplace harassment, discrimination and retaliation, and that the Plaintiff did not avail herself of those policies and procedures.

## NINETEENTH DEFENSE

In the alternative and without admitting that any allegedly discriminatory, retaliatory, or harassing conduct took place, AFS avers that it exercised reasonable care to prevent any allegedly discriminatory or harassing conduct and to promptly correct or eliminate any discriminatory acts that may have occurred.

## TWENTIETH DEFENSE

Any back pay to which Plaintiff claims to be entitled is offset by Plaintiff's earnings and benefits from interim or subsequent employment.

## TWENTY-FIRST DEFENSE

On information and belief, Plaintiff is barred from obtaining the damages she seeks, in whole or in part, due to her failure to mitigate or reasonably attempt to mitigate damages, if any, as required by law.

## TWENTY-SECOND DEFENSE

Any and all claims by Plaintiff based in whole or in part upon any alleged physical or emotional injury or mental distress are barred because no conduct of AFS was extreme or outrageous or undertaken with the intent of causing, or in reckless disregard of the likelihood of causing, emotional distress.

## TWENTY-THIRD DEFENSE

Plaintiff is not entitled to punitive damages because Plaintiff has failed to plead facts sufficient to entitle her to an award of punitive damages.

## TWENTY-FOURTH DEFENSE

AFS did not act recklessly or with indifference to the federally protected rights of Plaintiff.  Hence, Plaintiff cannot recover punitive damages against AFS under Counts One-Three.

## TWENTY-FIFTH DEFENSE

Plaintiff's claim for recovery of punitive damages under Counts Four-Six is barred by *Ala. Code* § 6-11-20 (1993).

## TWENTY-SIXTH DEFENSE

Plaintiff's claim for recovery of punitive damages under Counts Four-Six is barred by *Ala. Code* § 6-11-27 (1993).

## TWENTY-SEVENTH DEFENSE

Defendant claims the benefits and limitations of the statutory cap to punitive damages in *Ala. Code* § 6-11-21 (1993).

## TWENTY-EIGHTH DEFENSE

Plaintiffs' claims for punitive damages violate the Fifth and Fourteenth Amendments to the Constitution of the United States on the following grounds:

a.      It is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution to impose punitive

damages, which are penal in nature, against a civil defendant upon the Plaintiff satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

b.    The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award, which thereby violates the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution;

c.    The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages, which thereby violates the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution;

d.    The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts and, thus, violate the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution;

e.    The procedures pursuant to which punitive damages are awarded are unconstitutionally vague, arbitrary, capricious, and fundamentally unfair, thus violating the Due Process Clause of the Fifth and Fourteenth Amendments; and

f.    The award of punitive damages in this case would constitute a deprivation of property without due process of law in violation of the Due Process Clause of the Fifth and Fourteenth Amendments.

## TWENTY-NINTH DEFENSE

Plaintiff's claim for punitive damages violates the equal protection clause of Article I, §§ 1, 6, and 22 of the Alabama Constitution, and the due process clause of Article I, § 6 of the Constitution of Alabama, on the following grounds:

a.   It is a violation of the due process clause and equal protection clause to impose punitive damages, which are penal in nature, upon a civil defendant upon the Plaintiffs' satisfying a burden of proof less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

b.   The procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against Defendant;

c.   The procedures pursuant to which punitive damages are awarded are unconstitutionally vague, arbitrary, capricious, and fundamentally unfair thus violating the due process clause, Article I, § 6 of the Alabama Constitution;

d.   The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages, which violates the due process clause, Article I, § 6 of the Alabama Constitution;

e.   The award of punitive damages in this case would constitute a deprivation of property without due process of law;

f.   The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts, and, thus,

violate the Equal Protection Clause, Article I, §§ 1, 6, 22 of the Alabama

Constitution; and

g.     The procedures pursuant to which punitive damages are awarded fail to

provide a reasonable limit on the amount of the award, which thereby

violates the due process and equal protection clauses.


## THIRTIETH DEFENSE

Further answering Plaintiffs' Complaint in this cause, and without waiving but

expressly insisting upon each defense hereinabove set forth, Defendant avers that

punitive damage awards in Alabama are not governed by any specific standards, are not

based on rational distinctions, and do not serve any legitimate state interest.

Consequently, such awards violate the due process and equal protection provisions of

both the Fourteenth Amendment to the United States Constitution and Article I, §§1, 6

and 22 of the Constitution of the State of Alabama.


## THIRTY-FIRST DEFENSE

Further answering Plaintiffs' Complaint in this cause, and without waiving but

expressly insisting upon each defense hereinabove set forth, Defendant avers that the

amount of an award of punitive damages could violate the excessive fines provisions of

the Eighth Amendment to the United States Constitution and Article I, §15 of the

Constitution of the State of Alabama.


20

## THIRTY-SECOND DEFENSE

Further answering Plaintiffs' Complaint in this cause, and without waiving but expressly insisting upon each defense hereinabove set forth, Defendant avers that punitive damages are penal in nature, yet Defendant in this civil action is not awarded the same procedural safeguards accorded to a criminal defendant under the Fourteenth, Fifteenth and Sixteenth Amendments to the United States Constitution, including, without limitation, requiring proof beyond a reasonable doubt, and is exposed to civil penal fines in excess of those fines that could be imposed under criminal law.

## THIRTY-THIRD DEFENSE

Plaintiff is barred from recovery of the equitable relief she seeks because of laches and/or estoppel.

## THIRTY-FOURTH DEFENSE

Plaintiff is barred from the recovery of equitable relief she seeks because she does not come to court with clean hands.

## THIRTY-FIFTH DEFENSE

The amount of any compensatory or punitive damage award that Plaintiff might recover from AFS on her claims One-Three are subject to the damage caps under 42 U.S.C. § 1981a.

## **PRAYER FOR RELIEF**

Having fully answered the allegations of the Complaint and having set forth its

affirmative defenses, AFS respectfully prays that:

A.    The Complaint be dismissed and Plaintiff take nothing from AFS;

B.    Judgment be entered in favor of AFS;

C.    The Court award AFS its cost of litigation, including reasonable attorneys'

       fees; and

D.    The Court grant such other and further relief to AFS as it deems just and

       proper.

ARMBRECHT JACKSON LLP
Post Office Box 290
Mobile, Alabama 36601
Phone:       (251) 405-1302
Facsimile:   (251)  432-6843


By____/s/ Kirk C. Shaw (SHAW0466)_____

Attorney for Army Fleet Support LLC

## CERTIFICATE OF SERVICE

I hereby certify that on January 11, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filings to the following:

> Maricia Woodham, Esq.
> Sabel & Sabel, P.C.
> 2800 Zelda Road, Suite 100-5
> Montgomery, AL  36106

>   s/ Kirk C. Shaw (SHAWK0466)